UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TONIA DUGAS | * | CIVIL ACTION NO. |
| VERSUS | | |
| | * | JUDGE: |
| PICO, INC., JEFFERY DON THOMPSON and FEDERATED RESERVE INSURANCE COMPANY | * | MAGISTRATE: |

_____

# NOTICE OF REMOVAL

Defendants, PICO, INC., JEFFERY DON THOMPSON and FEDERATED RESERVE INSURANCE COMPANY ("Defendants"), by and through its undersigned counsel, hereby give notice of the removal of this action from the 21ST Judicial District Court, for the Parish of Tangipahoa, Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of the Notice of Removal, Defendants state as follows:

1. This action was originally commenced by Tonia Dugas on June 5, 2023, through the filing of a Petition in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, captioned "*Tonia Dugas v. PICO, Inc., Jeffery Don Thompson and Federated Reserve Insurance Company*" and assigned Case No. 20230001483, Section D. (*Exhibit A*).

2. PICO, Inc. was served with Plaintiff's *Petition for Damages* on June 2, 2023.

3. Jeffery Don Thompson was served with Plaintiff's *Petition for Damages* on June 2, 2023.

4. Federated Reserve Insurance Company was served with Plaintiff's *Petition for Damages* on May 16, 2023.

5. The United States District Court for the Eastern District of Louisiana is the court embracing the place wherein such action is pending in state court.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The case presents a wrongful death claim such that sufficient information exists to show an amount in controversy excess of $75,000. The amount in controversy is satisfied via Paragraph 9 of Plaintiff's *Petition for Damages*, and this matter is timely filed within thirty (30) days of service of the Petition on the last served defendant(s).

8. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Diversity of Citizenship**

9. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all *properly* joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff, Tonia Dugas, is a person of the full age of majority who resides in the State of Louisiana, Parish of Tangipahoa. (*See Petition for Damages*, at p. 1, attached as ***Exhibit A***.)

11. At the time of the filing of the *Petition for Damages* and at all times thereafter, all Defendants joined and served were of diverse citizenship. Defendant, Jeffery Don Thompson, is a person of the full age of majority who is domiciled in the state of Mississippi. At the time of the filing of the *Petition for Damages* and at all times thereafter, Defendant, PICO, Inc. was and is incorporated under the laws of Mississippi, with its principal place of business in Gulfport, Mississippi. At the time of the filing of the *Petition for Damages* and at all times thereafter, Defendant, Federated Reserve Insurance Company was and is a corporation organized under the laws of the state of Minnesota, with its principal place of business in Minnesota.

12. Complete diversity of citizenship existed at the time of the filing of the *Petition for Damages*, and at the time of the filing of these removal papers, between Plaintiff and the Defendants.

## Amount in Controversy

14. Louisiana Code of Civil Procedure Article 893A.(1) articulates the following requirements for the pleading of monetary damages:

> the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

       As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff alleged in Paragraph 9 of the Petition that the damages in controversy are legally sufficient for federal court jurisdiction. See *Petition for Damages*.

15. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] The removing defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[2]

16. Per Paragraph 9 of the Petition, the damages in controversy are legally sufficient for federal court jurisdiction. See *Petition for Damages*. In addition, sufficient information exists to show that plaintiffs claim damages in excess of $75,000 because Plaintiff alleges the death of Jaimie Wells such that the amount in controversy is plainly satisfied, and this matter is timely filed.

17. This pleading is filed within 30 days of service. Therefore, under 28 U.S.C. § 1446(b), this removal is timely.

**Removal**

18. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different

---

[1] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).
[2] *Id.*

states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

19. Pursuant to 28 U.S.C. § 1446(d), plaintiff, Tonia Dugas, is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

20. The removing defendants attach a copy of all process, pleadings, and orders served upon them at the time of removal.[3]

21. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

22. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

23. By filing this Notice of Removal, the removing defendants do not waive, and hereby reserve all defenses and objections to the plaintiff's Petition.

---

[3] 28 U.S.C. §1446(a).

WHEREFORE, PICO, INC., JEFFERY DON THOMPSON and FEDERATED RESERVE INSURANCE COMPANY, respectfully request that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

                RESPECTFULLY SUBMITTED,

BY:     /s/   Tori S. Bowling
       TORI S. BOWLING   (BAR #30058)
       BRANDI A. BARZE   (BAR #38488)
       **KEOGH COX & WILSON, LTD.**
       701 Main Street
       Post Office Box 1151
       Baton Rouge, LA 70821-1151
       Telephone: (225) 383-3796
       Facsimile: (225) 343-9612
       Email: tbowling@keoghcox.com
             bbarze@keoghcox.com
       *Attorneys for Defendants, PICO, Inc., Jeffery Don Thompson and Federated Reserve Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 3rd day of July, 2023

                                                /s/ Tori S. Bowling
                                                TORI S. BOWLING